Bender agt. Sherwood and others.

---

## SUPREME COURT.

MATHEW W. BENDER agt. ALBERT SHERWOOD and others.

The Code contains a provision of this kind: "When the answer of the defendant admits part of the plaintiff's claim to be just, the court on motion, may order such defendant to satisfy that part of the claim, and enforce the order as it enforces a provisional remedy."

This remedy is extraordinary and severe. It should only be granted in a case clearly within the terms and spirit of the statute.

Where the defendants admitted by their answer that they had in hand the fund which the plaintiff sought to have paid over to him, but they were ignorant whether the fund belonged to the plaintiff, or a third person who claimed it, and asked that they might be permitted to pay the money into court, or that the court might make some order in respect to its application,

*Held*, that it was not a case where this summary remedy would apply. The defendants did not "admit a part of the plaintiff's claim to be just."

Had the plaintiff in his action not claimed from the defendants a larger sum, and required them to answer, it would have presented a proper case for interpleading under the 122d section of the Code.

But before the court can make an order that another person be substituted, it must appear that the defendant is entitled to be discharged from all liability upon any part of the plaintiff's claim. *It seems*, therefore, that such substitution cannot be made under this statute.

Bender agt. Sherwood and others.

*Albany Special Term, December,* 1856.

Motion for order requiring defendants to satisfy part of plaintiff's claim. On the 3d of April, 1856, A. H. Parks made his draft upon the defendants, in favor of the plaintiff, and delivered the same to the plaintiff, whereby he requested the defendants to pay to the plaintiff or his order, the sum of six thousand dollars; and on the same day, the defendants, the said draft having been presented to them, accepted the same as follows: " accepted, payable at our office, on or before 1st June, from any moneys in our hands belonging to A. H. Parks." It is alleged in the complaint, that at the time the draft was presented for payment, and on and before the 1st of June, 1856, the defendants had in their hands moneys belonging to Parks, more than sufficient to have paid the amount of the draft.

The defendants, in their answer, deny, that at any time after the date of the draft, they had in their hands moneys belonging to Parks sufficient to have paid the same, but they admit that, at the maturity of the draft, they had, and still have in their hands, the sum of $3,692.87, belonging to Parks; but they allege that Parks died on or about the first of May, and that the administrators of his estate, duly appointed, before the maturity of the draft, claimed the moneys in the hands of the defendants, belonging to Parks, and forbade their paying such moneys to the plaintiff. The defendants further state, that they are ready and willing to pay the amount in their hands into court, or upon its order, but being ignorant of the rights of the parties, they cannot safely pay the same to the plaintiff, without subjecting themselves to the risk of litigation. The plaintiff moved for an order requiring the defendants to pay over to him the sum of $3,692.87 in part satisfaction of his claim.

John K. Porter, *for plaintiff.*
Lewis Benedict, Jr., *for defendants.*

Harris, Justice. " When the answer of the defendant

admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and enforce the order as it enforces a provisional remedy." This is the provision under which the plaintiff claims the summary interference of the court. The remedy is extraordinary and severe. It should only be granted in a case clearly within the terms and spirit of the statute. This is not such a case. The defendants do not " admit a part of the plaintiff's claim to be just." All they admit is, that they have in hand, the fund which the plaintiff seeks to have paid over to him, but they state that they are ignorant whether that fund belongs to the plaintiff or the administrators of Parks. Under these circumstances, they ask that they may be permitted to pay the money into court, or that the court may make some order in respect to its application. In other words, without admitting the right of one party or the other to the fund in question, they state the facts, and submit the question to the court.

Had this fund been the only subject of controversy, it would have been a proper case for interpleading, under the provisions of the 122d section of the Code. But, as the plaintiff claims judgment for the whole amount of the draft, the defendants, in order to protect themselves from further liability, were bound to answer ; and I do not understand that a defendant can, under the statute referred to, have another person substituted in his place, as to a part of the plaintiff's demand, and interpose a defence as to the residue. Before the court can make an order that another person be substituted, it must appear that the defendant is entitled to be discharged from all liability upon any part of the plaintiff's demand. The defendants, therefore, had no alternative but to answer.

It may be, that upon the trial, the court will think it so clear that the plaintiff is entitled to the fund, that it will direct it to be paid over at once. It may be, too, that it will be thought proper to require the administrators of Parks to be made parties to the action, before the question is finally determined.

However this may be, the defendants are entitled to the judgment of the court, upon the case they have made by their answer. The motion, therefore, must be denied, but it is without costs.