## MORGAN *a.* FILLMORE.

*Buffalo Superior Court; General Term, July,* 1864.

### INTERPLEADER.—INJUNCTION.

An action to compel parties, claiming a particular fund, to interplead, will not lie where the complaint shows that the plaintiff is fully advised of the grounds of the different claims, and his liability under each of them.

One who has in violation of an injunction incurred an obligation by which he is liable to be sued by different persons in reference to the same demand, is not in a position to ask the interposition of the court to award an issue to be tried between the claimants.

Demurrer to complaint.

The complaint in this action set forth that on the 20th of July, 1863, an order was granted in supplemental proceedings taken against one Hubbard, to examine the plaintiff relative to his indebtedness to Hubbard, and enjoining him from disposing of such indebtedness. That the order was served and the examination taken, from which it appeared that the plaintiff was indebted to Hubbard in the sum of $515.49. That subsequently the plaintiff was induced, by Hubbard's fraudulent representations, to give to Hubbard a note for such indebtedness, which had since been transferred to the defendant Brown. That Millard P. Fillmore had been appointed receiver of the property of Hubbard, and claimed the $515.49 under the orders appointing him, and that Brown claimed the same sum under the note. The complaint, after the usual allegations that plaintiff did not know to whom to pay, &c., and that the ac-

tion was brought without collusion, demanded that the defendants be required to interplead.

The defendant Fillmore demurred to this complaint as not constituting a cause of action.

The case was argued at the general term in the first instance.

*Geo: W. Cothran*, for the defendant Fillmore.—I. An interpleader-action can be sustained only where two or more persons claim the same debt or duty by separate interests, in which the complainant has no beneficial interest, and where he cannot determine to which of them the debt or duty belongs, without hazard to himself. (Atkinson *a.* Manks, 1 *Cow.*, 691; Dungey *a.* Angove, 2 *Ves. Jur.*, 304; 1 *Whitt. Pr.*, 3 ed., 209.)

1. And the complaint will be dismissed where it appears by the complaint itself that one of the defendants is entitled to the debt or duty. (Mohawk & Hudson R. R. Co. *a.* Clute, 4 *Paige*, 384; Shaw *a.* Coster, 8 *Ib.*, 339.)

2. The complaint in this action shows most conclusively that the receiver is entitled to that portion of the debt which had accrued prior to July 7, 1863, when the order was served on Hubbard.

3. The allegations in the complaint, that the note upon which Brown claims the demand was fraudulently obtained, show incontestably that his claim is without legal basis.

4. The action does not lie where there is any thing else than the title to the property or debt to be litigated. (Fletcher *a.* Troy Savings Bank, 14 *How. Pr.*, 383.)

II. There is no ground for the action; and the complaint will be dismissed where it shows a different liability of the complainant to the different claimants. (*Adams on Eq.*, 205; Crawshay *a.* Thornton, 2 *Myl. & Cr.*, 1; Jew *a.* Wood, 1 *Cr. & Ph.*, 185.)

III. Where the complainant's liability to one of the claimants has been occasioned by his own act, there is no case for interpleader. (Desborough *a.* Harris, 31 *Eng. Law & Eq.*, 592; Belcher *a.* Smith, 9 *Bing.*, 82; Crawshay *a.* Thornton, 2 *Myl. & Cr.*, 19; *Hoffm. Ch. Pr.*, 100; Sherman *a.* Partridge, 11 *How. Pr.*, 154.)

1. Nor where the complainant has incurred a personal lia-

bility to either of the complainants. (Patorni *a.* Campbell, 12 *Mees. & W.*, 277.)

2. And it makes no difference that he was induced to incur this liability by the fraud of one of the claimants. (*Adams on Eq.*, 205.)

3. If the obligation incurred is such that the party can maintain an action against the complainant, at law, without establishing a right to the fund, no litigation between the defendants can ascertain their respective rights as against the plaintiff; and the bill for interpleader does not lie. (2 *Hoffm. Ch. Pr.*, 100.)

IV. The complaint will be dismissed where it shows that the complainant, as to either of the defendants, is a wrong doer. (Shaw *a.* Coster, 8 *Paige*, 339.) In giving this note, which constitutes the sole basis of Brown's claim, he is clearly guilty of contempt of the court for the violation of said order.

V. The complainant must show that he is ignorant of the rights of the respective parties, who are called upon by him to interplead and settle their rights between themselves. (Shaw *a.* Coster, 8 *Paige*, 339.)

*Nichols & Robbins*, for the plaintiff.—I. The complaint contains all the elements of what was known as a bill of interpleader under our former Chancery practice.

The defendants both claim the same debt or fund from the plaintiff, by different and separate interests; the plaintiff claims no title or interest in the debt or fund, nor any right in opposition to the rights of the defendants. The plaintiff does not know to which of the defendants he ought of right to render, or to which he can safely pay such fund or debt, and is threatened with an action by each defendant to recover such debt or fund, and both have forbidden the plaintiff from paying such debt or fund, or any part of it, to the other.

The plaintiff also offers to bring such debt or fund into court for the benefit of such of said defendants as shall appear to be entitled thereto, and in order that they may interplead and settle their claims thereto between themselves. (*Story's Eq. Jur.*, §§ 806–808; *Story's Eq. Pl.*, §§ 291, 292, 293, 297; *Cooper's Eq. Pl.*, 45, 46; Bell *a.* Hunt, 3 *Barb. Ch.*, 391; Richards *a.* Salter, 6 *Johns. Ch.*, 445; Atkinson *a.* Manks, 1

*Cow.*, 691; Badeau *a.* Rogers, 2 *Paige*, 209; 1 *Mad. Ch. Pr.*, 173; 2 *Barb. Ch.*, 117; *Code*, § 159; 2 *Hoffm. Ch.*, 99.)

II. The true principle upon which the relief given in cases of interpleader is founded, is the right which the plaintiff has to protection from the vexations attending all actions which may possibly be instituted against him. (2 *Story's Eq. Jur.*, § 807; Beck *a.* Stephani, 9 *How. Pr.*, 196.)

III. It is sufficient to sustain the complaint, that there is a faint doubt as to the rights of the conflicting claimants. The court does not put the plaintiff in the situation, that at his peril he must decide upon intricate matters of fact, or nice points of law; nor does it inquire into the degree of hazard the plaintiff must run in paying the money or thing in controversy. A mere claim is a ground of interpleader. (1 *Mad. Ch.*, 173; *Howard's Code*, 151; 3 *Daniel's Ch. Pl. & Pr.*, 1753; Beck *a.* Stephani, 9 *How. Pr.*, 196.)

IV. There is nothing in the Code which takes away the right to resort to this remedy. The remedy prescribed in the Code (§ 122), is merely concurrent. (Beck *a.* Stephani, 9 *How. Pr.*, 196.)

THE COURT[*] unanimously held that this was not a proper case for interpleader. That the action to compel parties claiming a particular fund to interplead and settle the question of right to the fund between themselves, did not lie where it appeared, by the plaintiff's complaint, that the complainant was fully advised of the grounds of the different claimants' claims upon the fund in controversy, as well as the nature and extent of his liability to each, for the reason that, being thus in possession of the requisite knowledge, it devolved upon himself to determine to which of the claimants he would pay. And more especially was this the case where it fully appears by the complaint, that the foundation of the plaintiff's liability to one of the claimants was based upon the act of the plaintiff himself, after he was enjoined by process of the court from paying or arranging the indebtedness until further order from the court in the premises. If under such circumstances the plaintiff assumed to violate the injunction, he did so at his peril; and

---

[*] Present, Hon. J. A. VERPLANCK, P. J., MASTEN and CLINTON, JJ.

having, by his own wrong, placed himself in a situation where he might have to defend different actions concerning the same demand, he was not in a position to ask the interposition of the court, that they award an issue to be tried between parties not at all interested therein. And that it made no difference that the plaintiff had been induced to give the note by reason of the fraudulent representations of Hubbard; that, while such fraudulent representations might constitute a valid defence to the note, yet, whether they were true or fraudulent was an issue which the court could not require the receiver to litigate. That if the plaintiff had obeyed the injunction there would have been no necessity for this action, and inasmuch as such necessity had been occasioned by the plaintiff's own wrongful act, the court would not interfere.

Judgment for the defendant Fillmore on the demurrer, with costs.