THE BALTIMORE AND OHIO RAILROAD COMPANY, Respondent, *v.* ALEXANDER T. ARTHUR, Impleaded, etc., Appellant.

The amount due from a plaintiff cannot be the subject of controversy in an action of interpleader; the action can only be maintained when plaintiff admits liability, for the full amount claimed, to one or the other of the claimants.

Plaintiff in such an action must also show that there is a question as between the claimants to be tried, and that he will incur hazard in paying to either.

Plaintiff bought of defendant A. a quantity of merchandise; the latter brought suit in Kings county to recover the purchase-price. Defendant P., as receiver of a corporation, presented to plaintiff an account, including said merchandise, with a notice as follows: "I am not prepared to say you should pay me, but I caution you against paying any one but me," giving as a reason that upon the adjustment of the accounts between such corporation and A., it might be found that he (P.) was entitled to receive payment. A motion was made in that action by defendant (the plaintiff here), to substitute P. as defendant, and for leave to pay the money into court. P. appeared by counsel and orally claimed the money, but stated no reason for his claim ; the motion was denied. In this action of interpleader, brought in New York city, plaintiff admitted in its complaint the indebtedness, less $21.83 due for freights, and averred that it was unable to determine which of the defendants it ought to pay. Upon the complaint and affidavits showing the facts, and on appeal from an

order of Special Term, an order was granted by the General Term allowing plaintiff " to pay into court the amount stated in the complaint to be due," after deducting costs, and thereupon directing that it be discharged from liability, also requiring defendants to interplead. *Held* error; that the order was not authorized by section 820 of the Code of Civil Procedure, as that applies only to proceedings by motion, and by a defendant; also that the action was not maintainable, as plaintiff did not admit the whole sum due for which A. brought suit, and as plaintiff did not show any hazard in paying according to its contract.

The order also reversed the order in the suit brought by A., denying the motion for substitution; *held* error; that as no appeal was taken from said order, it was not within the jurisdiction of the General Term.

(Argued October 10, 1882; decided October 17, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 12, 1881, the substance of which is hereinafter stated.

The complaint in this action shows that before August 20, 1880, the plaintiff bought and received of the defendant Arthur, merchandise, of the value of $2,478.52 less $21.83 to be deducted for freight due for transportation of said merchandise, but were forbidden to pay Arthur, by defendant Power, " acting as receiver," who claimed the said purchase-price, and threatened to sue therefor; that Arthur in June, 1881, brought a suit, which is still pending, against the plaintiffs for the said sum of $2,478.52. The plaintiff also avers that it is unable to determine which of the defendants it ought to pay; it denies collusion with either, and offers to pay the amount in dispute into court. Attached to the complaint is an affidavit by the plaintiff's agent, and a copy of the account and notice of Power's claim. The account runs in favor of " John B. Power, Receiver Chrome Steel Co.," includes the merchandise for the price of which the plaintiffs are sued by Arthur, and the notice is in these words:

" Gents — I hand you the foregoing statement, although I am not prepared to say you should pay me, but I caution you against paying any one but me, for upon the adjustment of the

transactions had between the Chrome Steel Company and Mr. Alex. T. Arthur, I may be found entitled to receive payment, in which event I shall require it made to me, and in default shall proceed to compel such payment.

"Respectfully,
"JOHN B. POWER,
"*Receiver.*"

Upon these papers an order was granted by a justice of the Supreme Court, in New York city, requiring the defendants to show. cause why the proceedings on the part of Arthur in the suit brought by him should not be stayed, and why Power should not be restrained from commencing suit. At the time stated for showing cause, it was made to appear by Arthur that his action against the present plaintiff was brought in the Supreme Court in Kings county, and that a motion had been made by the defendant (plaintiff here) to substitute Power, as defendant therein, in its place, and for leave to pay the money into the court in discharge of its liability; that the motion was denied at a Special Term held in that county. Power appeared by counsel, who orally claimed the money, but stated no reason for his claim. The judge before whom the order to show cause was returnable denied the motion. Upon appeal to the General Term of the first department, that court ordered that "the plaintiffs be allowed to pay into court the amount stated in the complaint to be due from them, after deducting the costs of this action," and thereupon they be discharged from liability to either defendant.

It also reversed the order made in the Arthur suit, and required the defendants in this action to' interplead between themselves as to their rights or claims upon the fund. The defendant Arthur appeals to this court.

*Joseph M. Pray* for appellants.

*Edward D. McCarthy* for respondent. Plaintiff is entitled to the relief sought; without it it would be helpless against these conflicting claims. (*Atkinson* v. *Manks*, 1

Cow. 691; *Dorn* v. *Fox*, 61 N. Y. 264.) The granting of the order rested in the discretion of the court below, and the order is not appealable. (*Barry* v. *Ins. Co.*, 53 N. Y. 536 ; Code, § 820.) The old practice seems to have been the same as that adopted by the court below. (*City Bank* v. *Bangs*, 2 Paige, 570.)

DANFORTH, J. The order should be reversed.

*First.* No appeal was taken from the order made in Kings county, in the suit between Arthur and this plaintiff, and it was not within the jurisdiction of the General Term.

*Second.* The rest of the order is not warranted by the facts before the court. It cannot stand upon the Code. Section 820, cited by the respondent, was no doubt applicable to the case sought to be made by the defendant (plaintiff here) in the action brought by Arthur. It there moved as defendant, and sought the relief offered to a litigant in that character, but its case did not satisfy the court, and the present suit is not within the statute (§ 820, *supra*). It applies only to proceedings by motion, and by a defendant.

*Third.* No new facts were presented in this case, and the plaintiff acquired no additional right by changing the form of its proceeding. According to the settled doctrine of equity, a party acknowledging himself a debtor may, when subjected to a double demand for payment, have relief on showing that there is a question to be tried and that he is ignorant which claimant has the better right. But here the sum admitted to be due is not the sum for which Arthur sues. The plaintiff claims to retain from it, an alleged indebtedness for freight. The amount due cannot be the subject of controversy in an interpleader suit, and this difference between the debt claimed by the defendant, and the sum which the plaintiff is willing to pay, presents an insuperable objection to its prosecution; for as to so much, it does not admit title, or right of payment in either claimant (Sto. Eq. Pl., § 295 ; 2 Sto. Eq. Jur., § 821.) In the next place, the plaintiff is not shown to incur any hazard in paying according to its contract. The transaction between

it and Arthur was of the simplest kind — a purchase of goods at a fixed price; on the other hand, no title or color of title is given to Power. (Sto. Eq. Pl., § 293.) Nor does he claim to be entitled. On the contrary, he says he is "not prepared to say " the plaintiff " should pay him." At most, his declaration is that upon some adjustment in future of unnamed transactions between the Chrome Steel Company and Arthur, he may " be found entitled to receive payment." The mere pretext of a conflicting claim is not enough to show that the plaintiff is in any danger of loss from an inability to determine to whom the debt in question should be paid. The relation between itself and Arthur is the ordinary one of vendee and vendor, and it was a sufficient answer to the motion that the plaintiff showed no such claim of right in Arthur's co-defendant, as he might interplead for, and by its allegations bring in question the amount due to either. A debtor cannot, in this summary manner, discharge a creditor with partial payment, or prevent him from enjoying the fruits of his bargain.

The order of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.