Boardman, J.
The facts in this case are the same as in Goodrich, as administrator, v. McDonald (ante, 144), argued at this term of the court. The only additional fact necessary to notice to enable us to comprehend these points presented upon this appeal are these: that Mrs. McDonald began an action to recover of. Crane the amount due upon the bond and mortgage assigned to Mrs. Graves upon a contract of plaintiff to assume and pay said bond and mortgage made with Mrs. Graves, that plaintiff thereupon brought this action of interpleader making Goodrich, administrator, a defendant, and that prior to such action the said Goodrich, as administrator, had attached the debt secured by the bond and mortgage in an action against Mrs. Graves, and that such attachment had been served upon the plaintiff.
The chief.questions presented for review are:
First. Whether the complaint states a good cause of action.
*151 Second. Whether the adverse claims to the fund are so wanting in privity that an action of interpleader will not lie.
Third. Whether the plaintiff is not estopped from denying defendant’s claim by reason of his contract with Mrs. Graves, assuming and agreeing to pay the mortgage in controversy, and
Fourth. Other objections which have been considered and disposed of by my opinion in Goodrich, administrator, v. McDonald (ante, 144).
First. As to the first point, we think the complaint was good and sufficient. The pleadings, as a whole, shows the claims of the respective parties. Although defendant Goodrich’s claim, as set out in his answer, is more specific and comprehensive than it is stated in the complaint, the evidence shows that it all arises out of the same transaction and refers to the same subject matter, the hen and equitable assignment of costs belonging to Goodrich upon property or debts owing from the plaintiff. Whether the attachment upon this debt, served upon plaintiff, was valid or not, was not a matter to be determined by plaintiff at his risk. He was not a party to the action in which the attachment was issued, and was not bound to know the grounds upon which it was issued, nor could he judge of its validity. It was sufficient that the attachment of the debt, was a claim upon it which justified his action of interpleader.
If, however, such position be doubtful, the variance is not such as should prevent an amendment of the complaint on the trial or at any subsequent stage of the proceedings. Certainly, Mrs.' McDonald, by her action, had made sufficient claim on her part, and we have at this term affirmed a judgment of the special term declaring Goodrich, as administrator, entitled to the fund in controversy. The fact, therefore, of two hostile claims by these two defendants to the same fund in plaintiff’s hands, is now patent, and any slight defect in plaintiff’s description by the successful one should not prejudice the claimant. The parties are now in court, and, if possible, their rights should be adjusted and finally settled.
Second. These defendants hold, or claim to hold, under Mrs. Graves. Both parties claim through her, the one by lien and equitable assignment, the other by a written assignment. The case is very like that of The Netv Eng. Life Ins. Co. v. Keller (7 Brown C. P. R, 109), where a similar conflict of claims was held to justify a bill of inter-pleader by the general term. Story says (2 Eq. Juris., § 824): “ So if a mortgagor wishes to redeem the mortgaged estate, and there are conflicting claims between third persons, as to their title to the mortgage money, he may *152 bring them before the court, to ascertain their rights, and to have a decree for a redemption, and to make a secure payment to the party entitled to the money.” The same-distinction is recognized in Balt. and Ohio R. R. Co. v. Arthur (90 N. Y., 234), but there was no assertion in the-complaint of adverse claims nor did the plaintiff admit he-was a mere stakeholder, as is done in the case at bar. For the reasons and upon the authorities of the learned judge at special term, as well as those herein stated, we think the position of the appellant is not tenable.
Third. The contract between Mrs. Graves and the plaintiff, whereby he assumed and agreed to pay the mortgage, is a mere incident to the debt and does not affect the rights, of the litigants. It did not disturb or injure the claim of Goodrich while the mortgage remained the property of Mrs. Graves and was equally harmless after the assignment of the mortgage to Mrs. McDonald. It was not an independent but a collateral liability. It had no existence, except by virtue of the debt, and that debt was a charge upon Crane’s farm. It was a further and collateral security for a debt which his property was liable for.
The other considerations urged by the learned counsel for the appellant for a reversal of this judgment has been discussed and decided against the appellant in the case of Goodrich, admin., v. McDonald, before referred to and need not here be repeated.
The zeal and confidence of appellant’s counsel have-secured to these cases more than ordinary examination, but we fail to find any good and sufficient reasons for-adopting his views.
The judgment must be affirmed, with costs against the appellant.
Hardest and Follett, JJ., concur.