Daniels, J.
The action was brought by the plaintiff as assignee of Alexander Y. Davidson, late sheriff of the county of New York, to recover the sum of $5,485.75 for services rendered by the sheriff for which he was entitled to payment from the city of New York. The latter did not deny its liability to pay this sum of money upon the account and for the services rendered by the sheriff. But other parties had claimed the money; and the object of this motion was to permit the city to pay the money into court and for an order bringing in these other parties' as defendants to contest and determine their conflicting claims to the fund in controversy.
It was shown in support of the application that attachments liad been issued in different actions to the sheriff, upon which he had become liable to the respective plaintiffs and for which it was insisted they had the right to resort to this fund for payment. The names of the plaintiffs in five of these different actions were not given in full, but .one símame in each case was given, followed by the abbreviations “et al.” This was an inartistic mode of presenting the fact that there were adverse claims to this fund, but the motion does not appear to have been denied for this cause. If it had been the court would probably have extended leave to the defendant to renew it upon a more complete state of the papers. And besides that, the plaintiff was in no manner seriously injured by this defect, for no difficulty could arise in the settlement of the order preventing the insertion of the full names of these different individuals. And the city should not because of this defect be exposed to the risk of paying this fund to the plaintiff and one or more of the other claimants. But it should be protected by the court, even though its own counsel may not have been quite as precise in the proceeding as the rules of practice require them to be. The affidavits, independently of this defect, did show that in these different suits the plaintiffs looked to this fund for the recovery of the amounts for which the sheriff is alleged to have become liable. And while it very well may be that they will not be able to recover the sums claimed by them in this manner, still the city should not be exposed to the risk of a litigation of that description, when it can well be avoided before the fund itself has been placed beyond the reach of these parties.
It further appeared, that proceedings supplementary to executions taken against the sheriff had resulted in the *567 appointment of a receiver upon three different judgments, and this receiver also claimed to be entitled to resort to this fund for the payment of the judgments. Notice of these respective claims had been given to the city authorities; and while it may be probable that they will not be maintained as they have been made, that probability is not so clear as to require the application to be denied even under the rule and authorities referred to in Pustet v. Flannelly (60 How., 67).
By section 820 of the Code of Civil Procedure, the right of the defendant to succeed in an application of this description has not been restricted to demands which may probably be made successfully against the subject of the controversy, but what the legislature has required, is, that where a person, not a party to the action, makes a demand for the same debt, without collusion with the defendant, the latter may apply to the court upon notice to the claimant and the adverse party, for an order to substitute the claimant in his or its place, and to discharge the defendant from liability on paying into court the amount of the debt or dehvering the possession of the property or its value to such person as the court directs. That is all which the law has required to be proven to authorize the making of the order, and that was proven in support of this application. It was made to appear that there were these claimants to a part or the. whole of the fund and that no collusion existed between them and the defendant. And that under the language of this section, as .well as the construction given to it in Barnes v. Mayor, (27 Hun, 236) entitled it to the order. The right to the order was not excluded by the fact that the apparent right to the money may have been transferred to the plaintiff, for these parties were entitled to contest the legality of the transfer upon a trial before it could be determined that they should receive no part of this fund. And it does not follow because the plaintiff had received a formal agreement entitling it to this fund prior to the rendition of the services, or a copy of the sheriff’s account after that had been rendered intending thereby to transfer the title that it will be able to succeed in maintaining its right against these adverse claims. That is a matter which can be only ascertained after a trial shall have taken place. And as the defendant has no interest in that trial and claims no part of the fund itself it should not be required to contest with each of these different individuals, the priority or lights to this sum of money. The case of Baltimore, etc., R. R. Co. v. Arthur (90 N. Y., 234), does not refer in its decision to the point now in controversy. The interpleader was there denied because of the fact that there was a contest as to the legality of the debt, *568 for a part of the demand in suit. The order in this case should be reversed with the usual costs and disbursements and an order should be entered permitting the defendant to pay the fund in controversy into court, and thereupon be discharged from the action and directing these different claimants to be made defendants in the suit in its place and stead.
Davis and Brady, JJ., concur.