### SIBLEY *v.* EQUITABLE LIFE ASSUR. SOC. *et al.*

*(Superior Court of New York City, General Term. October 25, 1888.)*

INTERPLEADER—INTEREST AFTER ACTION BROUGHT.

> If a debtor in doubt as to whom payment should be made would avoid liability for interest, he should commence an action of interpleader to determine the rights of claimants, and, having retained the money until sued for it, he can only be discharged from liability by order of court, upon payment into court of the demand, with interest to date.

Appeal from special term; RICHARD O'GORMAN, Judge.

Action by George E. Sibley, assignee of Joseph Manning, a bankrupt, against the Equitable Life Assurance Society of the United States, Mary R. Heather, and Joseph Manning, on a policy of insurance. An order was made at special term by Judge O'GORMAN, allowing the society to pay the amount of the policy into court without interest. Plaintiff appeals.

Argued before FREEDMAN and INGRAHAM, JJ.

*Roger Foster*, for appellant. *Alexander & Green*, (*James G. Jaumay*, of counsel,) for respondent Equitable Life Assurance Society.

PER CURIAM. The complaint demands judgment against the defendant the Equitable Assurance Company for the amount due under the policy of insurance set up in the complaint, with interest thereon from the 1st of October, 1887. The defendant presented a petition to the court, whereby it admits that the amount named is due under the said policy, and that it has been due since October 1, 1887; that when said amount became due defendants were ready and willing to pay the same to the person rightly entitled thereto, but that it is ignorant of the rights of the several parties to the action, and cannot with safety pay the same to any person; and on that petition the court ordered that the said corporation may pay the amount due, without interest, into the Mercantile Trust Company, to the credit of this action, and that upon said payment the said defendant be relieved and discharged from all liability to the plaintiff or any of the defendants herein.

We do not think that the court had power by an order to discharge the defendant from liability to the plaintiff without payment of the amount which was due upon the policy, and interest from the 1st of October, 1887. This interest was, under the complaint in this action, as much a part of the demand of the legal owner of the policy of insurance as the amount required to be paid by

the policy. If the company desired to relieve itself from the obligation to pay interest, it could have commenced an action for an interpleader. Instead of commencing such an action, the company, after having refused to pay the plaintiff, did nothing until it was sued, and in the mean time retained the money. So, if in point of fact the company has an equitable defense against plaintiff's claim for interest, it must remain a party to the action, and set forth such defense by answers. As the case stands at present, the order should only be granted on the payment into court of the amount admitted to be due, with interest up to the time of payment. .

The order appealed from should be modified by requiring the defendant to pay the sum of $10,142, with interest thereon from October 1, 1887, to the date of the payment of the principal sum. The appellant should have $10 costs, and disbursements of this appeal.