NEW ENGLAND MUT. LIFE INS. CO. *v.* ODELL *et al.*

(*Supreme Court, General Term, First Department.* November 23, 1888.)

INTERPLEADER—WHEN LIES—DISPUTED AMOUNT—INJUNCTION.

Where a life insurance company admits that the amount insured is due on the policy but denies a claim for dividends thereon, it cannot, in an action of interpleader against the claimants under the policy, tender the former amount, and enjoin the bringing of an action for dividends: the amount due from plaintiff not being the proper subject of controversy in such an action.

Appeal from special term, New York county; GEORGE P. ANDREWS, Justice.

Action by the New England Mutual Life Insurance Company against Jonathan Odell, Daniel H. Mills, William A. Odell, and Hannah S. Brick, to compel defendants Jonathan and William A. Odell and Daniel H. Mills to interplead with defendant Hannah S. Brick as to their right to a certain policy of life insurance payable to the latter, tendering the amount of the policy, and seeking to enjoin the former defendants from prosecuting an action for dividends claimed by them to be due on the policy. Injunction granted, and defendants Jonathan and William A. Odell and Daniel H. Mills appeal.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*George W. Van Slyck,* for appellants. *Roger Foster,* for respondent.

VAN BRUNT, P. J. The fact (which is conceded by the respondents) that the sum which the plaintiff is willing to pay is not the sum which the defendants and appellants claim, is fatal to the maintenance of this action. *Railroad Co.* v. *Arthur,* 90 N. Y. 235. In this case, the principle is distinctly enunciated that, in an action of interpleader, the amount due from a plaintiff cannot be the subject of controversy, and this seems to be simply restating a rule which appears always to have prevailed. It is urged, in answer to this objection, that because the appellants claim more than the plaintiff admits to be due, the case is thereby turned into an action in the nature of an interpleader. We have failed to find any such principle laid down in the cases stating the distinctions between strict actions of interpleader and actions in the nature of interpleader. In strict actions of interpleader legal rights are only enforced; in actions in the nature of interpleader, equitable relief, in addition, is sometimes given; and that seems to be the whole of the distinction. The respondent, however, claims that the rule above stated does not apply, because the appellants could maintain a separate action for the part of the claim which is disputed by the plaintiffs.

It would seem that if the owner of a policy of life insurance should attempt to maintain one action upon the policy for the amount insured, and another action for the dividends which had been declared upon the policy, an objection

that the owner of claims arising upon a single policy of insurance could not split up his demands would be fatal to one or other of the actions. It would be like bringing one action to recover the principal of a bond, and another to recover the interest which had accrued. In the case of *Bank* v. *Bangs*, 2 Paige, 570, the claims there referred to were separate and distinct, and separate actions could be maintained upon them. The order appealed from should be reversed, and the injunction vacated, with $10 costs and disbursements.

MACOMBER and BRADY, JJ., concur.