PROGRESSIVE HANDLANGER UNION *v.* GERMAN SAV. BANK.

(*Superior Court of New York City, Special Term.*   May 13, 1889.)

INTERPLEADER—ACTION FOR DEPOSITS.

> Laws N. Y. 1882, c. 409, § 259, providing that in all actions against any savings bank to recover a deposit any persons claiming the same fund, and strangers to the action, may be made parties thereto upon defendant's petition, and that, upon payment of such money into court, such bank shall be stricken out as a party to the action, and be relieved of responsibility for such fund, applies to an action against a savings bank for a deposit which had been previously demanded by a third person, whether such third person claims the whole of such deposit or not.

At chambers.   On motion for interpleader.

Action by the Progressive Handlanger Union No. 1 against the German Savings Bank, to recover certain deposits made with defendant.   The Laborers' Union Protective Society No. 12, prior to the commencement of this action, had made a demand upon defendant for such funds.   Laws N. Y. 1882, c. 409, § 259, provides that "in all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons

* * * claiming the same fund, who are not parties to the action, the court in which such action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in such action, by making such claimants parties defendant thereto; * * * the deposits which are the subject of said action may remain with such savings bank * * * or be paid into court to await the final determination of the action, and, when so paid into court, the corporation shall be stricken out as a party to such action, and its liability for such deposit shall cease." Defendant moves to substitute the Laborers' Union Protective Society No. 12 as defendant.

*Goodhart, Phillips & Rosenberg,* for plaintiff. *S. Kaufman,* for defendant.

SEDGWICK, C. J. The application should be granted, under section 259, c. 409, Laws 1882. That section contemplates that, as in the present case, an action at law may be brought by a person in whose name the account with the bank is, and then, that a third person may claim the deposits as a fund equitably belonging to the third person, and that in such a case the section should be applied. I have a little doubt as to whether the claimant actually claims the whole of the deposit. If this be so, I am of the opinion that the section will still apply. Motion granted.