can be fairly done, the conclusion shall be avoided that a forfeiture was intended. In the case at bar, the conclusion can be readily avoided, for the surrounding circumstances fairly show that all that was intended in fact was ample indemnity. The plaintiffs, to whom all the right, title, and interest of Bronson in and to the moneys so deposited were transferred by several assignments, are therefore in a position to maintain the action for the recovery of the balance remaining unexpended after the payment and extinguishment of the assessment by the defendant, and it was error on the part of the trial judge to direct a verdict for the defendant. The judgment and order should be reversed, and a new trial ordered, with costs to abide the event.

INGRAHAM, J.   I agree with Judge FREEDMAN as to the construction of the contracts. The money deposited with the trust company was Bronson's, deposited before the contract with the defendant was made, as a fund from which the assessment was to be paid. It is nowhere transferred to defendant, nor is there anything that would show that the parties intended the defendant should be entitled in any contingency to the money. It was provided that, if the assessment was not paid by Bronson in one year, the money should be paid to defendant by the trust company; but it was paid to defendant, as the plaintiff's money, for the special purpose of repaying defendant the amount that he had been compelled to pay to discharge the assessment, under the covenant contained in the deed. The balance that remained after paying that assessment was still Bronson's money, and Bronson was entitled to maintain an action for money had and received, to recover such balance. I think plaintiff was therefore entitled to recover, and that the judgment should be reversed.

---

### PROGRESSIVE HANDLANGER UNION NO. 1 *v.* GERMAN SAV. BANK.[1]

*(Superior Court of New York City, General Term.*   February 6, 1890.)

INTERPLEADER—ACTIONS FOR DEPOSITS.

Laws N. Y. 1882, c. 409, § 259, providing that, in all actions against any savings bank to recover a deposit, any person claiming the same fund, and strangers to the action, may be made parties thereto on defendant's petition, and that on payment of the money into court the bank shall be stricken out as a party, and be relieved of responsibility for the fund, applies to an action against a savings bank for a deposit which had been previously demanded by a third person, whether such third person claims the whole of the deposit or not.

Appeal from special term.

Action by the Progressive Handlanger Union No. 1 against the German Savings Bank to recover deposits made with defendant. The Laborers' Union Protective Society No. 12, prior to the commencement of the action, had made a demand upon defendant for such funds. Laws N. Y. 1882, c. 409, § 259, provides that "in all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons  *  *  *  claiming the same fund, who are not parties to the action, the court in which such action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in such action, by making such claimants parties defendant thereto.  *  *  *  The deposits which are the subject of said action may remain with such savings bank,  *  *  *  or be paid into court to await the final determination of the action, and when so paid into court the corporation shall be stricken out as a party to such action, and its liability for such deposit shall cease." Defendant moved to substitute the Laborers' Union Protective Society No. 12 as defendant. Motion granted, and from the order entered thereon plaintiff appeals.

[1] Affirming 7 N. Y. Supp. 3.

Argued before FREEDMAN and INGRAHAM, JJ.

*Goodhart, Phillips & Rosenburg*, for appellant.　*Sanders, Wagner & Auerbach*, for respondent.

PER CURIAM. The order appealed from should be affirmed, with $10 costs and disbursements, upon the opinion rendered by the learned chief judge at special term. 7 N. Y. Supp. 3.

Appeal from special term.

