### DODGE *v.* LAWSON *et al.*

*(Superior Court of New York City, Special Term.   April, 1892.)*

INTERPLEADER—SUBSTITUTION OF DEFENDANT—TORT.

    Under Code Civil Proc. § 820, providing that a defendant, against whom an action on contract, in ejectment, or to recover chattels is pending, may, before answer, on proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property, apply to the court to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the property to such person as the court shall direct, the substitution cannot be made where the amount admitted due is less than that claimed by plaintiff and the third person, or where the third person has an action of tort against defendant, though plaintiff, by his form of action, has waived any tort.

Action by Dodge against Lawson and others to recover the sum of $4,545.55. Defendants move that Charles W. Gould, assignee of Field, Lindley, Weichers

& Co., be substituted in their place as defendant, under Code Civil Proc. § 820. Motion denied.

According to the complaint, plaintiff gave to Field, Lindley, Weichers & Co. certain negotiable bonds as collateral security. Field, Lindley, Weichers & Co., without plaintiff's knowledge or consent, delivered them to defendants as security. Defendants sold them for $30,135, and applied $25,589.45 thereof in payment of the debt of Field, Lindley, Weichers & Co. to them, leaving the balance sued for. Defendants claim that the bonds were sold for only $29,673.75, and that, therefore, the balance is $4,080. They allege that Gould is the assignee of Field, Lindley, Weichers & Co., and that as such he claims the surplus arising from such sale. Defendants' motion is opposed by plaintiff for the reason that defendants do not propose to deposit the full amount of plaintiff's claim, but only the $4,080; and is opposed by Gould for the reason that certain other securities delivered by Field, Lindley, Weichers & Co. to defendants were by them surrendered to other persons, in violation of his rights, and that on a proper accounting more than $4,080 would be found due him.

*Holmes & Adams*, for plaintiff. *A. W. Griswold*, for defendants. *Vanderpoel, Cuming & Goodwin*, for the assignee.

McADAM, J. The court is without power to settle the conflicting claims on an application for interpleader under section 820[1] of the Code. *Lane* v. *Insurance Co.*, (Sup.) 9 N. Y. Supp. 52; *Railroad Co.* v. *Arthur*, 90 N. Y. 234. The plaintiff, by his form of action, has waived (so far as he is concerned) any tort by Field, Lindley, Weichers & Co., or by the defendants; but the court cannot compel the assignee of Field, Lindley, Weichers & Co. to waive any claim for tortious conduct by the defendants towards that firm in the aforesaid transactions, by substituting the assignee and exonerating the defendants from any other form of liability than that indicated by the nature of the present action, or limit the amount of their demand for such acts. Nor can the court on a motion of this character ignore the method by which the plaintiff fixes the surplus at $4,545.55, and adopt that by which the defendants fix it at $4,080, even though the latter may, in its judgment, be the correct theory on which the figures ought to be made. That question must be determined at the trial. It is only where the defendant admits the full and same amount claimed as due to one or the other of the claimants that the motion can be granted. *Railroad Co.* v. *Arthur, supra; Bender* v. *Sherwood*, 15 How. Pr. 258. Even a dispute as to interest will defeat the motion. *Sibley* v. *Society*, (Super. N. Y.) 3 N. Y. Supp. 8. The applicant must not be a wrongdoer as to either party, (*Shaw* v. *Coster*, 8 Paige, 339; *Morgan* v. *Fillmore*, 18 Abb. Pr. 217,) or it will defeat his motion. For the reasons stated, the application for interpleader must be denied, with $10 costs, to be paid to the plaintiff, leaving the parties free to bring such action or suit in equity, with all the parties before the court, as they may deem best to settle the various conflicting rights, liabilities, and equities that have been presented.

[1] Code Civil Proc. § 820, provides: "A defendant, against whom an action to recover upon a contract, or an action of ejectment, or an action to recover a chattel is pending, may, at any time before answer, upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property, or its value, to such person as the court directs. The court may, in its discretion, make such an order."