Lavinia A. Du Bois, Respondent, *v.* The Union Dime Savings Institution, Appellant.

*Action of interpleader — § 820 of the Code of Civil Procedure is not a substitute there for — on what the right to interplead depends — when relief under § 452 will not be substituted therefor on appeal.*

Section 820 of the Code of Civil Procedure is not a substitute for an action of interpleader, but is an additional and summary remedy afforded to defendants to compel rival claimants to be brought into the action.

The right of a defendant to compel rival claimants to be brought into an action by motion depends upon the same principles as the right to maintain an action of interpleader to compel rival claimants to litigate the controversy as between themselves.

Although the relation between a savings bank and the owner of a deposit therein is that of debtor and creditor, rival claimants for the same fund, or credit, may be interpleaded and compelled to determine, as between themselves, their respective rights to the fund.

An interpleader, either by action or motion, is unauthorized when the stakeholder denies that the full amount demanded by one of the claimants is due.

In case " A " is threatened with a suit, or is sued by " B " for $1,000 and by " C " for $500 of the same fund, and " A " admits that he holds $1,000, " B " and " C " may be compelled to interplead; but in case " A " denies that he holds $1,000, and admits that he holds $500, he cannot compel " B " and " C " to interplead.

Where it appears that a motion for relief by interpleader was sought under the provisions of section 820 of the Code of Civil Procedure, and it does not appear that it was suggested at the Special Term that a rival claimant might be brought in as a defendant in the action under section 452 of the Code of Civil Procedure, it is too late to claim for the first time on appeal that such relief should have been granted at the Special Term under the latter section.

Appeal by the defendant, The Union Dime Savings Institution, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of April, 1895, denying the defendant's motion to substitute Ellenora H. Decker as defendant in the action.

Prior to July 31, 1886, William F. Du Bois deposited with the defendant to the credit of " William F. Du Bois, in trust for Louisa Du Bois," various sums amounting, with the accumulation of interest, on said date to $4,086.50. This account and the corresponding pass book were numbered 138,463. Louisa Du Bois was the wife of William F. Du Bois, and, she having died, he on the 31st of July,

1886, surrendered pass book No. 138,463 and had the fund, $4,086.50, credited on defendant's books to "William F. Bu Bois, in trust for Ellenora H. Decker," which account and the corresponding pass book then delivered to him bore the number 180,769. Ellenora H. Decker and William F. Du Bois were brother and sister. There was credited to this account for interest January 1, 1887, $66.29, and July 1, 1887, $67.28, so that August 1, 1887, there was standing to the credit of said account No. 180,769, $4,220.07. Before August 1, 1887, William F. Du Bois married Lavinia A., his second wife, and on that date he opened a new account with defendant in the name of "William F. Du Bois, in trust for Lavinia A. Du Bois," which and the accompanying pass book were numbered 186,416, and transferred to it $1,000 from account No. 180,769.

July 30, 1890, William F. Du Bois opened another account, which and its accompaning pass book bore the number 226,331, with defendant, in the name of "William F. Du Bois, in trust for Lavinia A. Du Bois," and transferred to it from account No. 180,769 $3,552.07, which sum with the previous $1,000 represented account No. 180,769 and all accumulations of interest thereon. Account No. 180,769 was then closed and the pass book surrendered by William F. Du Bois to the bank. Afterwards (the dates not appearing) William F. Du Bois drew $25 from account No. 186,416 and $890.46 from account No. 226,331. June 12, 1894, William F. Du Bois died, and on the same day Ellenora H. Decker began an action in the Superior Court of this city against the defendant to recover $4,086.50, with the accumulations of interest thereon since July 31, 1886, not crediting the two payments of $25 and $890.46, amounting to $915.46. In that action the defendant answered, setting up substantially the foregoing facts.

December 3, 1894, this action was begun to recover $4,308.10, the amount standing to the credit of accounts Nos. 186,416 and 226,331, with the accumulations of interest thereon, crediting the defendant with $915.46, the amount of the two payments before mentioned. The defendant has not answered in this action, but admits it is owing to one or the other of the rival claimants the amount sought to be recovered in this action, and moved, at Special Term, for an order substituting Ellenora H. Decker as a defendant in its stead in this action, offering to pay into court the amount claimed

herein, which is $915.46 less than the amount claimed by Ellenora H. Decker in her action.

*C. N. Bovee, Jr.,* and *Frederick B. Campbell,* for the appellant.

*G. W. H. Zeglio,* for Ellenora H. Decker, respondent.

*Peter S. Carter,* for Lavinia A. Du Bois, respondent.

Follett, J. :

This is not an action brought by the bank against the two rival claimants of the sum on deposit to compel them to interplead, but it is a motion made, pursuant to section 820 of the Code of Civil Procedure, by the bank — the defendant in two actions brought by the claimants — to substitute Ellenora H. Decker, the plaintiff in the first action, now pending in the Superior Court, as a defendant in the place of the bank in the second action brought by Lavinia A. Du Bois against it.   Lavinia A. Du Bois consents that Ellenora H. Decker be substituted as defendant in the place of the bank in this action.   The defendant offers to pay into court, pursuant to section 820 of the Code of Civil Procedure, or to hold, pursuant to section 115 of chapter 689 of the Laws of 1892, the sum claimed by Lavinia A. Du Bois, but it does not offer to pay into court, or to hold subject to the final determination of the controversy, the sum which Ellenora H. Decker seeks to recover, which is $915.46, besides interest, more than the bank admits to be due from it. Section 820 of the Code of Civil Procedure is not a substitute for the action of interpleader, but is an additional and summary remedy afforded to defendants to compel rival claimants to be brought into the action.   (*Beck* v. *Stephani*, 9 How. Pr. 193 ; *Cronin* v. *Cronin,* 9 Civ. Proc. Rep. 137; S. C., 3 How. Pr. [N. S.] 184.)   The right of a defendant to compel rival claimants to be brought into an action by motion depends upon the same principles as the right to maintain an action of interpleader to compel rival claimants to litigate as between themselves.

Though the relation between a savings bank and the owner of the credit be that of debtor and creditor, rival claimants "for the same fund," or credit, may be interpleaded and compelled to determine as between themselves their respective rights to the fund.

(Chap. 689, Laws of 1892, § 115, the Banking Law.) But the difficulty with granting the defendant the relief sought under section 820 of the Code of Civil Procedure is, that these rival claimants do not seek to recover "the same fund," credit or sum. The amount which Ellenora H. Decker seeks to recover in her action being greater than the amount which the defendant admits to be due, it is not entitled to have her substituted in this action brought by Lavinia A. Du Bois to recover a less sum, which the defendant admits to be due from it. (*Baltimore & Ohio R. R. Co.* v. *Arthur*, 90 N. Y. 234; *New England Mutual Life Ins. Co.* v. *Odell*, 50 Hun, 279; *Van Zandt* v. *Van Zandt*, 26 N. Y. St. Repr. 963; S. C., 7 N. Y. Supp. 706; 17 Civ. Proc. Rep. 448; *Sibley* v. *Equitable Life Assurance Soc. of U. S.*, 24 J. & S. 274; S. C., 3 N. Y. Supp. 8; *Dodge* v. *Lawson*, 19 id. 904; S. C., 22 Civ. Proc. Rep. 112; *Bender* v. *Sherwood*, 15 How. Pr. 258; *Supervisors of Saratoga Co.* v. *Seabury*, 11 Abb. N. C. 461; *Crane* v. *McDonald*, 118 N. Y. 648; S. C., 2 Silv. 341, 358, note; *Chamberlain* v. *O'Connor*, 1 E. D. Smith, 665; *Patterson* v. *Perry*, 14 How. Pr. 505; *Moore* v. *Usher*, 7 Simons, 383; *Glyn* v. *Duesbury*, 11 id. 139; *Diplock* v. *Hammond*, 23 L. J. Ch. 550; S. C., 27 Eng. L. & Eq. 202; *Bridesburg Manf. Company's Appeal*, 106 Penn. St. 275; *Glasner* v. *Weisberg*, 43 Mo. App. 214; Story's Eq. Pldgs. (10th ed.) § 291; 2 Story's Eq. Juris. (13th ed.) § 821, *et seq.;* 3 Pom. Eq. Juris. § 1323.)

Had the bank admitted that there was due from it a sum equal to that claimed by Ellenora H. Decker — the larger sum — then the rival claimants might have been compelled to litigate their claims as against each other. (*Koenig* v. *N. Y. Life Ins. Co.*, 14 N. Y. St. Repr. 250; S. C., 14 Civ. Proc. Rep. 269; *Progressive Handlanger Union No.* 1 v. *German Savings Bank*, 25 J. & S. 594; S. C., 29 N. Y. St. Repr. 528; 23 Abb. N. C. 42; *Yates* v. *Tisdale*, 3 Edw. Ch. *71; *Fargo* v. *Arthur*, 43 How. Pr. 193.)

But we know of no authority authorizing an interpleader, by action or motion, when the stakeholder denies that the full amount demanded by one of the rival claimants is due. The rule deducible from the authorities is: In case A is threatened with a suit or is sued by B for $1,000, and by C for $500 of the same fund, and A

admits that he holds $1,000, B and C may be compelled to inter-
plead; but in case A denies that he holds $1,000 and admits that he
holds $500, he cannot compel B and C to interplead.

The bank was not entitled to an order substituting Ellenora H.
Decker as a defendant in its stead under section 820 of the Code of
Civil Procedure.

The learned counsel for the bank now insists that the motion
should have been granted under section 452 of the Code of Civil
Procedure, which provides:

" Sec. 452. The court may determine the controversy as between
the parties before it, where it can do so without prejudice to the
rights of others, or by saving their rights; but, where a complete
determination of the controversy cannot be had without the
presence of other parties, the court must direct them to be brought
in."

The difficulty with this contention is that the motion was not
made under the section last quoted. It appears by the notice of
motion that relief was sought under section 820, and not under sec-
tion 452, of the Code of Civil Procedure, and it does not appear
that it was suggested at Special Term that Ellenora H. Decker
might be brought in as a defendant under section 452, and it is too
late to claim for the first time on appeal that relief should have
been granted at Special Term under the latter section.

The order must be affirmed, with ten dollars costs and
disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.