BERNSTEIN et al. v. HAMILTON et al.

(Supreme Court, Appellate Division, First Department. February 25, 1898.)

INTERPLEADER—RIGHT TO ORDER.

A defendant is not entitled to an order of interpleader unless he admits a liability to some one, and the only question is to whom he is liable.

Appeal from trial term.

Action by Julius Bernstein and another against David F. Hamilton and another. From an order of interpleader, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Jacob Levy, for appellants.
Augustus J. Koehler, for respondents.

RUMSEY, J. The plaintiffs claim that they are entitled to recover from the defendants the amount of $160, for commissions which they earned upon the sale of certain real estate belonging to, or under the control of, the defendants. No answer has been interposed. The defendants, however, moved in due time that one Aaron Wainess should be substituted as a defendant, for the reason that, as they say, Wainess claims to be entitled to one-half of the commissions, pursuant to an agreement made by him with one of the defendants and one of the plaintiffs. This contract, however, is denied by the plaintiffs. The moving papers do not admit, in terms, a liability existing on the part of the defendants towards the plaintiffs for these commissions, or for anything else. On the contrary, there is an affidavit of merits, in which it is stated that the defendants have a good and substantial defense on the merits to the cause of action set forth in the complaint. In the face of this allegation, the defendants have

no right to an interpleader, which can only be ordered when the defendant admits a liability to some one for the full amount claimed, and the only question is to whom he owes it.    Railroad Co. v. Arthur, 90 N. Y. 234.    There is no admission of that kind in these papers, but the contrary.    It may be that the defendants are indebted, not only to the plaintiffs, but to Wainess, but that fact is of no importance here.    It is sufficient that the defendants do not concede that they are indebted to the plaintiffs in the amount of this claim, or in any amount, and for that reason this order should not have been granted.

The order is reversed, with $10 costs and disbursements, and the motion of interpleader is denied, with $10 costs.    All concur; O'BRIEN, J., in result.

O'BRIEN, J.    I concur in the result.    Too much weight is given to the affidavit.    It seems to me that, though one may have a good defense, he need not insist upon it, but may waive it, and in so doing is not prejudiced in making any other application or seeking any other relief to which he is entitled.