JULIUS BERNSTEIN and JACOB WINDMAN, Appellants, *v.* DAVID F. HAMILTON and HENRY MESSENGER, Respondents.

*Interpleader — granted only where the defendant admits a liability for the full amount.*

An order of interpleader will only be granted where the defendant admits a liability to some one for the full amount claimed, and the only question is to whom he owes it.

APPEAL by the plaintiffs, Julius Bernstein and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of December, 1897, granting the defendants' motion to interplead one Aaron Wainess as a defendant in the action, and relieving the defendants from all liability upon paying to the plaintiffs the sum of $88, and interest from August 8, 1897.

*Jacob Levy*, for the appellants.

*Augustus J. Koehler*, for the respondents.

RUMSEY, J.:

The plaintiffs claim that they are entitled to recover from the defendants the amount of $176 for commissions which they earned upon the sale of certain real estate belonging to or under the control

of the defendants. No answer has been interposed. The defendants, however, moved in due time that one Aaron Wainess should be substituted as a defendant for the reason that, as they say, Wainess claims to be entitled to one-half of the commissions pursuant to an agreement made by him with one of the defendants and one of the plaintiffs. This contract, however, is denied by the plaintiffs. The moving papers do not admit, in terms, a liability existing on the part of the defendants towards the plaintiffs for these commissions, or for anything else; on the contrary, there is an affidavit of merits in which it is stated that the defendants have a good and substantial defense on the merits to the cause of action set forth in the complaint.

In the face of this allegation the defendants have no right to an interpleader, which can only be ordered when the defendant admits a liability to some one for the full amount claimed, and the only question is to whom he owes it. (*Baltimore & Ohio R. R. Co.* v. *Arthur*, 90 N. Y. 234.) There is no admission of that kind in these papers, but the contrary. It may be that the defendants are indebted not only to the plaintiffs, but to Wainess, but that fact is of no importance here. It is sufficient that the defendants do not concede that they are indebted to the plaintiffs in the amount of this claim, or in any amount, and for that reason this order should not have been granted.

The order is reversed, with ten dollars costs and disbursements, and the motion of interpleader is denied, with ten dollars costs.

VAN BRUNT, P. J., BARRETT and MCLAUGHLIN, JJ., concurred; O'BRIEN, J., concurred in result.

O'BRIEN, J.:

I concur in the result. Too much weight is given to the affidavit. It seems to me that though one may have a good defense he need not insist upon it, but may waive it, and in so doing is not prejudiced in making any other application, or seeking any other relief to which he is entitled.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.