ROSEWARNE *v.* D. KARLE CO.

1. INTERPLEADER—UNCERTAINTY OF SUM OWING FATAL.

Uncertainty of the exact sum in the hands of a contractor owing to an insolvent subcontractor and claimed by various parties is fatal to the right of the contractor to maintain a bill of interpleader.[1]

2. SAME—PRINCIPAL AND SURETY.

A contractor building a public building and executing a bond to protect labor and material claims, as required by 3 Comp. Laws 1915, §§ 14827-14830, was not entitled to maintain a bill of interpleader to determine the ownership of a sum of money in its hands due to an insolvent subcontractor and claimed by various creditors, where the amount was insufficient to satisfy the claims, the surety was not made a party, and actions against the contractor and surety to recover the full amount of the claims are pending.[2]

3. SAME—RELIEF OF EQUITABLE NATURE MUST BE ASKED.

A bill in the nature of interpleader in which no relief of an equitable nature is asked cannot be maintained.[3]

Appeal from Wayne; Hunt (Ormond F.), J. Submitted June 24, 1926. (Docket No. 89.) Decided July 22, 1926.

Bill of interpleader by William Henry Rosewarne and others against D. Karle Company and others to determine the ownership of certain money. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Robert J. Hanley* and *John G. Dunn* (*Frank W. Atkinson,* of counsel), for plaintiffs.

*Mark L. Rowley* and *Guy A. Birge,* for defendants.

[1]Interpleader, 33 C. J. § 23; [2]Id., 33 C. J. § 31; [3]Id., 33 C. J. § 6.

SNOW, J.    Plaintiffs are building contractors in Detroit and contracted with the board of education to build an addition to the Noble school for the sum of $349,870.    They sublet the heating and plumbing to Irvine & Meier, Incorporated, for $80,226.    This concern failed before it had completed the work and went into bankruptcy, and plaintiffs were compelled to finish it.    Plaintiffs had paid them when they quit the job all but $14,665.97 of the contract price, and, after plaintiffs had finished the work, they claim they still had in their possession approximately $10,000 of this amount, which they now hold.    Irvine & Meier, Incorporated, when it abandoned the job, owed to some 30 different concerns about $23,000 for labor and materials furnished it in its work on the building, and several of them commenced suits against plaintiffs and the Southern Surety Company, surety on their bond, to recover therefor.    The plaintiffs then filed in the circuit court in chancery for the county of Wayne a bill of interpleader, alleging in substance that they had in their possession belonging to the Irvine & Meier concern about $10,000, which was claimed by the various creditors and the trustee in bankruptcy of the Irvine & Meier estate, and that they were threatened with various suits and were being vexed and harassed, and did not know to whom the fund belonged.    They prayed for the right to pay the amount they owed Irvine & Meier into court, and to be released and discharged from all liability to any of the said defendants.    The defendant A. Harvey's Sons Manufacturing Company moved to dismiss plaintiffs' bill of complaint, and from an order granting such motion the plaintiffs appeal.

The only question for consideration is as to whether or not, under the facts and circumstances narrated, plaintiffs are entitled to file a bill of interpleader, or one in the nature of such a bill, and secure a discharge

from all actions the creditors of Irvine & Meier might institute. Plaintiffs allege in their bill of complaint that Irvine & Meier, Incorporated, listed in its schedules in the bankruptcy proceeding the sum of $13,712.62 as the amount due from plaintiffs, which amount, or so much thereof as may be actually due, the trustee therein claims. They allege also that the claims made against Irvine & Meier aggregate approximately $23,000, and that they owe them *approximately* $10,000. This amount is arrived at by plaintiffs after subtracting from the contract price the amount paid to Irvine & Meier plus the amount it cost them to finish the job. But it is the claim of defendants that more was paid on the contract than the statute permits, and that the amount in the hands of plaintiffs is uncertain and must be determined.

"The amount due from a plaintiff cannot be the subject of controversy in an action of interpleader; the action can only be maintained when plaintiff admits liability, for the full amount claimed, to one or the other of the claimants." *Baltimore & Ohio R. Co.* v. *Arthur,* 90 N. Y. 234.

See *Maxim* v. *Shotwell,* 209 Mich. at p. 84, and cases there cited.

This uncertainty of the exact sum in the hands of the plaintiffs and the necessity for its determination are in themselves fatal to the right to maintain a bill of interpleader.

But other facts stand in the way of plaintiffs' right to an interpleader. They were contractors to build a public building, and by virtue of the statute provided in such case (3 Comp. Laws 1915, §§ 14827-14830), executed a bond with the Southern Surety Company as surety. As stated, several actions by the various defendants have been commenced against plaintiffs and the surety company, claiming right to recover against them by virtue of the statute referred to. Right to recover may exist in some of these

actions and not in others. Such rights cannot be litigated in an interpleader suit, especially as the surety company, against which liability is claimed, is not even made a party in such suit; nor can the aid of the court be invoked by injunction restraining these claimants from recovering the full amount of their claims against the surety company if liability exists.

The bill cannot be maintained as one in the nature of a bill of interpleader, as the plaintiffs seek no relief of an equitable nature in addition to the interpleader of conflicting claimants. See *Maxim* v. *Shotwell*, 209 Mich. at p. 85.

Being impressed, from plaintiffs' bill, with the correctness of appellees' contention that plaintiffs are not disinterested stakeholders of a sum certain in amount, and that the surety company ought not and cannot be absolved from its liability on the bond (if such in fact exists) by an action of this sort which deprives defendants of their rights to proceed against it, we must hold the bill to have been improperly filed and the action without merit.

The order of the trial court in dismissing the same is affirmed, with costs to appellees.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.