## MASON v. RICE.

(Supreme Court, Appellate Division, Fourth Department. June 2, 1903.)

1. TRUST—WRONGFUL RETURN OF TRUST PROPERTY—CHALLENGE BY CESTUI QUE TRUST.

Where a complaint charged defendant with receiving, as trustee, a bond, mortgage, and assignment to deliver· over to plaintiff, the latter had the right to challenge the validity of a return of the bond and mortgage by the defendant to the alleged donor.

2. PARTIES—SUBSTITUTION OF DEFENDANT—DISCHARGE OF ORIGINAL DEFENDANT—DELIVERY OF PROPERTY CLAIMED.

Under Code Civ. Proc. § 820, authorizing the release of a defendant, and the substitution of the real defendant, who claims the property sued for, on defendant paying into court the amount of the debt, or delivering the possession of the property or its value to such person as the court directs, defendant can only be discharged on delivering over all the property which plaintiff charges him with wrongfully withholding, and cannot ask for a discharge on the ground of having delivered the property to another claimant.

3. SAME—MOTION FOR SUBSTITUTION—TRIAL ON MERITS.

Where plaintiff claimed that defendant held certain property as her trustee, and assailed the rightfulness of the delivery of that property by

defendant to the donor's executor, the merits of her claim could not be
determined on a motion for the substitution of the executor as defendant.

4. SAME—PERSONS INTERESTED IN PROPERTY—EXECUTORS OF DONOR.

Where plaintiff claimed that defendant held certain property as her
trustee, and assailed the rightfulness of the delivery of that property
by defendant to the donor's executor, the executor should be brought in
as a party.

Appeal from Special Term, Allegany County.

Action by Lelia Reed Mason against Joseph F. Rice. From an or-
der substituting Mortimer W. Potter as executor of John Reed, de-
ceased, in the place of defendant, plaintiff appeals. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Frederick A. Robbins and A. L. Elliott, for appellant.
Norton & Ward, for respondent.

SPRING, J. The action is commenced to compel the defendant to
deliver to the plaintiff the bond, mortgage, and assignment described
in the complaint. It is alleged that these instruments were delivered
to the defendant, as agent and trustee of the plaintiff, by one Reed,
the mortgagee named in the said mortgage, to be delivered to the
plaintiff, to whom the assignment ran, upon the death of the testator,
who was her father. The complaint further alleges the death of the
father, and the wrongful refusal of the defendant to deliver to the
plaintiff the bond, mortgage, and assignment, which were of the value
of $3,700. The complaint further asks to recover the value of the
property if the defendant is unable to deliver the same to the plaintiff.
The defendant, in his affidavit in opposition to the motion, claims he
delivered the bond and mortgage to another daughter of the mort-
gagee, at the request of the latter, and under circumstances which, if
true, indicated a delivery to him; further, that letters testamentary
have been issued to one Mortimer W. Potter as executor of the will of
said Reed, and said executor now has the possession of said bond and
mortgage, claiming they are part of the assets of the estate of said
testator Reed. Thereupon the court ordered that the executor of
the testator be substituted in the place of the defendant Rice, and,
upon the latter delivering to the county treasurer said assignment,
that he be discharged from all liability.

In this we think the court erred. The complainant charges the de-
fendant with receiving as trustee the bond and mortgage and assign-
ment for the specific purpose of delivering the same over to the plain-
tiff, and consequently has a right to challenge the validity of the return
of the bond and mortgage to the alleged donor. Section 820 of the
Code of Civil Procedure authorizes the release of the defendant, and
the substitution of the real defendant, who claims the property sued
for, on the defendant "paying into court the amount of the debt or de-
livering the possession of the property or its value to such person as
the court directs." The defendant is not directed to deliver to the
treasurer the property which it is charged he has in his possession as,
the custodian of the plaintiff, but only to deliver the assignment of the
bond and mortgage. This is not sufficient. To be discharged, he

must deliver over all the property which the plaintiff charges him with wrongfully withholding. B. & O. R. Co. v. Arthur, 90 N. Y. 234; Du Bois v. Union Dime Savings Bank, 89 Hun, 389, 35 N. Y. Supp. 397; Bassett et al. v. Leslie, 123 N. Y. 396, 25 N. E. 386. The defendant does not admit liability to any one for the bond and mortgage. The essence of an order of interpleader is the admission of the defendant of the full liability set forth in the complaint to some one, and the controversy is between the contesting claimants for that property. The defendant asks to be discharged without turning over the property, on the ground that he has already delivered it, and it is in the possession of one of the claimants. The rightfulness of that delivery by the defendant is assailed in this action, for the plaintiff claims the defendant held the property as her trustee, and it belonged to her. It may be there is nothing in the charge made, but that cannot be determined on this motion.

We think, however, the executor of the donor should be brought in as a party. The brunt of the defense, in all probability, must be borne by him; and he, rather than the present defendant, should be called upon to undertake it if one is to be made.

The order should be modified by striking out that portion which discharges the defendant upon the delivery of the said assignment to the county treasurer, and by providing that the executor of said Reed, deceased, be brought in as a party defendant, and that the complaint be amended by appropriate allegations, with $10 costs to appellant to abide event. The form of the order may be settled before Mr. Justice SPRING upon two days' notice.

So ordered. All concur; WILLIAMS, J., in result.