O'CONNOR v. LOCK.

(Supreme Court, Appellate Division, Second Department. January 26, 1912.)

1. INTERPLEADER (§ 40*)—NOTICE OF APPLICATION.

Under Code Civ. Proc. § 820, permitting a defendant against whom an action to recover a chattel is pending upon proof by affidavit that one not a party demands the property without collusion, to apply to the court upon notice to such person and the adverse party for an order to substitute such person in his place, and to discharge him from liability on his delivering the possession of the property or its value to such person as the court directs, it is essential that notice of the application be given to the person to be substituted as a defendant.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 78; Dec. Dig. § 40.*]

2. INTERPLEADER (§ 40*)—SUFFICIENCY OF AFFIDAVIT—NEGATIVING COLLU-
SION.

　　Under Code Civ. Proc. § 820, an affidavit for substitution was insuffi-
cient, if it did not show expressly or by reasonable inference from the
facts alleged that the person to be substituted claimed the property
"without collusion" with the original defendant.

　　[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 78; Dec.
Dig. § 40.*]

3. INTERPLEADER (§ 42*)—SUFFICIENCY OF ORDER.

　　Under Code Civ Proc. § 820, where the affidavits showed that the per-
son to be substituted, and not the original defendant, had possession of
the chattel, the order for substitution was fatally defective for not pro-
viding for the delivery by defendant to some person of the value of the
chattel.

　　[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 81; Dec.
Dig. § 42.*]

4. REPLEVIN (§ 10*)—PERSONS LIABLE.

　　Replevin lies against one who has voluntarily and wrongfully trans-
ferred possession of property of another, which he is bound to deliver
upon demand.

　　[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 69–82; Dec.
Dig. § 10.*]

Appeal from Kings County Court.

Action by Patrick O'Connor against Gustave Lock. From an or-
der substituting a defendant and discharging the original defendant,
plaintiff appeals. Reversed and motion denied.

Argued before JENKS, P. J., and WOODWARD, HIRSCH-
BERG, BURR, and RICH, JJ.

William F. O'Connor, for appellant.
Elias A. Deutschman, for respondent.

BURR, J. In October, 1911, plaintiff began this action to recover
the possession of a certain power boat, of the value of $425, alleged
to be wrongfully detained from him by defendant, together with dam-
ages for the detention thereof. "A defendant against whom　*　*　*
an action to recover a chattel is pending, may, at any time before
answer, upon proof, by affidavit, that a person, not a party to the
action, makes a demand against him for the same　*　*　*　prop-
erty, without collusion with him, apply to the court, upon notice to
that person and the adverse party, for an order to substitute that
person in his place, and to discharge him from liability to either,
on his　*　*　*　delivering the possession of the property, or its
value, to such person as the court directs." Code Civ. Proc. § 820.
From an order of the County Court of Kings county substituting Wil-
liam Kolmel as defendant in this action, and discharging the present
defendant from liability to either plaintiff or said Kolmel, plaintiff
appeals.

[1-3] The order cannot be sustained, for three reasons: First. No
notice was given to said Kolmel of this application. This is essential.
Bullowa v. Provident Life & Trust Co., 125 App. Div. 545, 109 N. Y.
Supp. 1058. The order contains a recital that it was made upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kolmel's consent. There is no evidence thereof. Second. The affidavit fails to show that Kolmel's claim to the boat is "without collusion." There is neither express assertion to that effect nor a statement of facts and circumstances from which such conclusion can be reasonably drawn. This is also essential. Boskowitz v. Boskowitz, 124 App. Div. 849, 109 N. Y. Supp. 490; Helene v. Corn Exchange Bank, 96 App. Div. 392, 89 N. Y. Supp. 310. Third. The order contains no provision for the delivery of the property or of its value by defendant to such person as the court directs. The moving affidavit asserts that Kolmel, and not defendant, has possession of the boat, and has had since August 2, 1911. Direction for the actual delivery thereof could not, therefore, be given.

[4] But an action of replevin will lie against one who has voluntarily and wrongfully transferred the possession of property of another which upon demand he is bound to deliver. Sinnott v. Feiock, 165 N. Y. 444, 59 N. E. 265, 53 L. R. A. 565, 80 Am. St. Rep. 736; Nichols v. Michael, 23 N. Y. 264, 80 Am. Dec. 259; Barnett v. Selling, 70 N. Y. 492. In such case the alternative provision of the statute, that the value of the property which is the subject of the litigation must be delivered to such person as the court directs, becomes applicable. This defect is likewise fatal. Mason v. Rice, 85 App. Div. 315, 82 N. Y. Supp. 541.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to an application to the county court to renew the motion upon sufficient papers and upon such terms as may be just. All concur.